1

2

3

4

5

6                  UNITED STATES DISTRICT COURT

7                 EASTERN DISTRICT OF CALIFORNIA

8

9   GARY HENLEY,                      )   1:10-cv-1119 OWW GSA
                                      )
10                  Plaintiff,        )   SCHEDULING CONFERENCE ORDER
                                      )
11       v.                           )   Discovery Cut-Off: 8/29/11
                                      )
12  PACIFIC GAS AND ELECTRIC          )   Non-Dispositive Motion
    COMPANY, LOCAL UNION NUMBER 1245 )    Filing Deadline: 9/15/11
13  OF INTERNATIONAL BROTHERHOOD OF   )
    ELECTRICAL WORKERS and DOES 1-    )   Non-Dispositive Motion
14  50, inclusive,                    )   Hearing Date:  10/21/11
                                      )   9:00 Ctrm. 10
15                  Defendants.       )
                                      )   Dispositive Motion Filing
16  _____  )   Deadline: 9/29/11

17                                        Dispositive Motion Hearing
                                          Date: 10/31/11 10:00 Ctrm.
18                                        3

19                                        Settlement Conference Date:
                                          9/13/11 10:00 Ctrm. 10
20
                                          Pre-Trial Conference Date:
21                                        12/5/11 11:00 Ctrm. 3

22                                        Trial Date: 1/18/12 9:00
                                          Ctrm. 3 (JT-10 days)
23

24

25  I.   Date of Scheduling Conference.

26       October 20, 2010.

27  II.  Appearances Of Counsel.

28       Barsotti & Baker, LLP by Todd B. Barsotti, Esq., appeared on

                                  1

1  behalf of Plaintiff.

2      Clarence & Dyer LLP by Nicole Howell Neubert, Esq., appeared

3  on behalf of Defendant Pacific Gas and Electric Company.

4      Jennifer Marston, Esq., appeared on behalf of Defendant

5  Local Union Number 1245 of IBEW.

6  III.  Summary of Pleadings.

7      Plaintiff's Contentions.

8      1.   Plaintiff worked for PG&E for over 31 years and was

9  terminated on February 5, 2009.  Plaintiff's performance

10  evaluations were above average and met goals and expectations for

11  his position.  At the time of his termination, he was earning

12  between $44.00 and $49.00 per hour.  He earned approximately

13  $167,000.00 in 2008.

14      2.   Plaintiff contends that he was wrongfully terminated

15  without good cause.  In addition, Plaintiff contends his

16  termination was discriminatory based on the fact he was a man.

17  Plaintiff contends he was blamed for an accident which was not

18  his fault.  Plaintiff filed a grievance which Plaintiff contends

19  IBEW-1245 failed to adequately investigate and failed to

20  adequately and fairly represent him.

21      3.   Plaintiff has suffered damages for past wage loss,

22  future loss of earnings and other employment benefits according

23  to proof.

24      Defendant PG&E's Contentions.

25      4.   This action arises from Plaintiff's termination by PG&E

26  on February 5, 2009.  Plaintiff was working for PG&E as an

27  electric crew foreman on December 14, 2008 and was dispatched,

28  along with two journeymen linemen and one apprentice lineman, to

2

1  a job in Fresno to work on a downed power line.  During that job,

2  one of the journeymen linemen, working under Plaintiff's

3  direction, came into contact with an energized source, causing

4  him to lose part of both arms.  Subsequently, PG&E conducted a

5  full and fair investigation regarding that electrical contact,

6  which revealed that Plaintiff had violated several company

7  policies and procedures related to grounding overhead lines,

8  tailboard briefings, reporting on clearance procedures,

9  maintaining safe work distances and ensuring proper work area

10 protection.  Defendant terminated Plaintiff on February 5, 2009

11 as a result of the findings of this investigation.

12      5.    IBEW-1245 timely filed a grievance challenging

13 Plaintiff's termination on Plaintiff's behalf shortly after his

14 termination.  PG&E and IBEW-1245 participated fully in the

15 grievance process and the parties agreed to close the grievance

16 without adjustment after presenting the case to a Local

17 Investigating Committee.  Ample good cause existed to terminate

18 Plaintiff and Defendant denies that it terminated Plaintiff on

19 any other basis.

20      6.    Defendant prays that Plaintiff take nothing by reason

21 of the First Amended Complaint, that judgment be rendered in

22 favor of Defendant PG&E, that PG&E be awarded its costs of suit

23 incurred in this action, and for such other relief as the Court

24 deems proper.

25      Defendant IBEW-1245's Contentions.

26      7.    IBEW-1245 agrees that PG&E investigated Plaintiff's

27 work performance on December 14, 2008 and concluded that it had

28 just cause to terminate Plaintiff's employment.

3

1    8.    As stated by PG&E, IBEW-1245 timely filed a grievance

2  on Plaintiff's behalf to challenge his termination.    IBEW-1245

3  closed its grievance without adjustment, after concluding

4  Plaintiff's termination was supported by just cause because

5  Plaintiff had violated numerous work rules while directing his

6  crew on December 14, 2008, which violations caused him to fail to

7  appreciate the hazards present and led to his crewmember losing

8  part of both of his arms.    IBEW-1245 denies that it closed the

9  grievance on any other basis.    On September 29, 2009, Plaintiff

10 received written notification from IBEW-1245 of the decision to

11 close the grievance without adjustment, and he had also been

12 previously notified of the decision to close the grievance

13 sometime before September 29, 2009.

14    9.    Defendant prays that Plaintiff take nothing by reason

15 of the First Amended Complaint, that judgment be rendered in

16 favor of Defendant IBEW-1245, that IBEW-1245 be awarded its

17 attorneys' fees and costs of suit incurred in this action; and

18 for such other relief as the Court deems proper.

19 IV.    Orders Re Amendments To Pleadings.

20    1.    The parties do not anticipate amending the pleadings at

21 this time.

22 V.    Factual Summary.

23    A.    Admitted Facts Which Are Deemed Proven Without Further

24 Proceedings.

25        1.    Plaintiff was employed by PG&E.

26        2.    Plaintiff was terminated by PG&E on February 5,

27 2009.

28        3.    At the time of Plaintiff's termination he was an

**4**

1  electric crew foreman.

2          4.    On December 14, 2008, Plaintiff was dispatched,

3  along with two journeymen linemen and an apprentice lineman, to a

4  job in Fresno to work on a downed power line.

5          5.    While performing work on that job, a journeyman

6  lineman came into contact with an energized source and injured

7  both of his arms.

8          6.    Plaintiff was a member of IBEW-1245 at the time of

9  his termination.

10          7.    On February 13, 2009, a grievance was filed

11  challenging Plaintiff's termination.

12          8.    IBEW-1245 and PG&E closed the grievance without

13  adjustment.

14    B.    Contested Facts.

15          1.    Defendant PG&E conducted a full and fair

16  investigation into the December 14, 2009 incident.

17          2.    Defendant PG&E had good cause to terminate

18  Plaintiff for violations of company policies and procedures

19  related to grounding overhead lines, tailboard briefings,

20  reporting on clearance procedures, safe work distance and work

21  area protections.

22          3.    Defendant PG&E failed to take similar adverse

23  employment action against a female co-worker arising out of the

24  same incident on December 14, 2008.

25          4.    Defendant terminated Plaintiff on the basis of his

26  gender.

27          5.    Plaintiff claims he filed the grievance contesting

28  his termination, while the Union maintains that it filed the

                                  5

1  grievance challenging Plaintiff's termination.

2          6.    Plaintiff was notified of the decision to close

3  the grievance prior to September 28, 2009.

4          7.    Defendant IBEW-1245 and Defendant PG&E agreed that

5  IBEW-1245 would not fairly and adequately pursue Plaintiff's

6  grievance in exchange for other agreements unrelated to

7  Plaintiff's termination.

8          8.    Defendant IBEW-1245 failed to fairly represent

9  Plaintiff in processing the grievance filed over his termination

10  and acted arbitrarily, in bad faith or for discriminatory reasons

11  in deciding to close his grievance following the Local

12  Investigating Committee.

13  VI.  Legal Issues.

14      A.    Uncontested.

15          1.    Jurisdiction is proper inasmuch as this is an

16  action for breach of a labor agreement, which is a cause of

17  action that arises exclusively under federal law, 29 U.S.C.

18  § 185, and any colorable pendant cause of action for violations

19  of California Fair Employment and Housing Act ("FEHA").

20  Jurisdiction also exists under 28 U.S.C. § 1331 and 29 U.S.C.

21  §§ 185, et seq.  Supplemental jurisdiction is invoked under 28

22  U.S.C. § 1367.

23          2.    Venue is proper under 28 U.S.C. §§ 1441(a) and

24  1391.

25          3.    The parties agree that the substantive law of the

26  State of California provides the rule of decision for

27  supplemental claims.

28  ///

1      **B.**    **Contested.**

2          **1.**    **Whether Plaintiff was terminated for a valid and**

3  **substantiated reason and good cause related to his clear**

4  **violations of company policies.**

5          **2.**    **Whether Plaintiff was terminated for a valid and**

6  **substantiated reason related to his clear violations of company**

7  **policies unrelated to any alleged gender discrimination.**

8          **3.**    **Whether Plaintiff timely filed his claims against**

9  **Defendants.**

10         **4.**    **Whether IBEW-1245's processing of Plaintiff's**

11 **grievance and/or decisions to close the grievance filed on**

12 **Plaintiff's behalf following the Local Investigating Committee**

13 **proceedings was a violation of IBEW-1245'S duty of fair**

14 **representation owed to Plaintiff.**

15 **VII. Consent to Magistrate Judge Jurisdiction.**

16         **1.**    **The parties have not consented to transfer the**

17 **case to the Magistrate Judge for all purposes, including trial.**

18 **VIII.**    **Corporate Identification Statement.**

19         **1.**    **Any nongovernmental corporate party to any action in**

20 **this court shall file a statement identifying all its parent**

21 **corporations and listing any entity that owns 10% or more of the**

22 **party's equity securities.  A party shall file the statement with**

23 **its initial pleading filed in this court and shall supplement the**

24 **statement within a reasonable time of any change in the**

25 **information.**

26 **IX.**    **Discovery Plan and Cut-Off Date.**

27         **1.**    **The parties are ordered to complete all non-expert**

28 **discovery on or before June 1, 2011.**

1      2.    The parties are directed to disclose all expert

2  witnesses, in writing, on or before July 15, 2011.  Any rebuttal

3  or supplemental expert disclosures will be made on or before July

4  29, 2011.  The parties will comply with the provisions of Federal

5  Rule of Civil Procedure 26(a)(2) regarding their expert

6  designations.  Local Rule 16-240(a) notwithstanding, the written

7  designation of experts shall be made pursuant to F. R. Civ. P.

8  Rule 26(a)(2), (A) and (B) and shall include all information

9  required thereunder.  Failure to designate experts in compliance

10 with this order may result in the Court excluding the testimony

11 or other evidence offered through such experts that are not

12 disclosed pursuant to this order.

13     3.    The parties are ordered to complete all discovery,

14 including experts, on or before August 29, 2011.

15     4.    The provisions of F. R. Civ. P. 26(b)(4) shall

16 apply to all discovery relating to experts and their opinions.

17 Experts may be fully prepared to be examined on all subjects and

18 opinions included in the designation.  Failure to comply will

19 result in the imposition of sanctions.

20 X.    Pre-Trial Motion Schedule.

21     1.    All Non-Dispositive Pre-Trial Motions, including any

22 discovery motions, will be filed on or before September 15, 2011,

23 and heard on October 21, 2011, at 9:00 a.m. before Magistrate

24 Judge Gary S. Austin in Courtroom 10.

25     2.    In scheduling such motions, the Magistrate

26 Judge may grant applications for an order shortening time

27 pursuant to Local Rule 142(d).  However, if counsel does not

28 obtain an order shortening time, the notice of motion must comply

1  with Local Rule 251.

2       3.    All Dispositive Pre-Trial Motions are to be

3  filed no later than September 29, 2011, and will be heard on

4  October 31, 2011, at 10:00 a.m. before the Honorable Oliver W.

5  Wanger, United States District Judge, in Courtroom 3, 7th Floor.

6  In scheduling such motions, counsel shall comply with Local Rule

7  230.

8  XI.   Pre-Trial Conference Date.

9       1.    December 5, 2011, at 11:00 a.m. in Courtroom 3, 7th

10  Floor, before the Honorable Oliver W. Wanger, United States

11  District Judge.

12       2.    The parties are ordered to file a Joint Pre-

13  Trial Statement pursuant to Local Rule 281(a)(2).

14       3.    Counsel's attention is directed to Rules 281

15  and 282 of the Local Rules of Practice for the Eastern District

16  of California, as to the obligations of counsel in preparing for

17  the pre-trial conference.   The Court will insist upon strict

18  compliance with those rules.

19  XII. Motions - Hard Copy.

20       1.    The parties shall submit one (1) courtesy paper copy to

21  the Court of any motions filed.   Exhibits shall be marked with

22  <u>protruding numbered or lettered tabs</u> so that the Court can easily

23  identify such exhibits.

24  XIII.   Trial Date.

25       1.    January 18, 2012, at the hour of 9:00 a.m. in Courtroom

26  3, 7th Floor, before the Honorable Oliver W. Wanger, United

27  States District Judge.

28       2.    This is a jury trial.

1        3.    Counsels' Estimate Of Trial Time:

2              a.    Ten days.

3        4.    Counsels' attention is directed to Local Rules

4   of Practice for the Eastern District of California, Rule 285.

5   XIV. Settlement Conference.

6        1.    A Settlement Conference is scheduled for September 13,

7   2011, at 10:00 a.m. in Courtroom 10 before the Honorable Gary S.

8   Austin, United States Magistrate Judge.

9        2.    Unless otherwise permitted in advance by the

10  Court, the attorneys who will try the case shall appear at the

11  Settlement Conference with the parties and the person or persons

12  having full authority to negotiate and settle the case on any

13  terms at the conference.

14       3.    Permission for a party [not attorney] to attend

15  by telephone may be granted upon request, by letter, with a copy

16  to the other parties, if the party [not attorney] lives and works

17  outside the Eastern District of California, and attendance in

18  person would constitute a hardship.  If telephone attendance is

19  allowed, the party must be immediately available throughout the

20  conference until excused regardless of time zone differences.

21  Any other special arrangements desired in cases where settlement

22  authority rests with a governing body, shall also be proposed in

23  advance by letter copied to all other parties.

24       4.    Confidential Settlement Conference Statement.

25  At least five (5) days prior to the Settlement Conference the

26  parties shall submit, directly to the Magistrate Judge's

27  chambers, a confidential settlement conference statement.  The

28  statement should not be filed with the Clerk of the Court nor

1  served on any other party.  Each statement shall be clearly

2  marked "confidential" with the date and time of the Settlement

3  Conference indicated prominently thereon.  Counsel are urged to

4  request the return of their statements if settlement is not

5  achieved and if such a request is not made the Court will dispose

6  of the statement.

7       5.    The Confidential Settlement Conference

8  Statement shall include the following:

9            a.    A brief statement of the facts of the

10  case.

11            b.    A brief statement of the claims and

12  defenses, i.e., statutory or other grounds upon which the claims

13  are founded; a forthright evaluation of the parties' likelihood

14  of prevailing on the claims and defenses; and a description of

15  the major issues in dispute.

16            c.    A summary of the proceedings to date.

17            d.    An estimate of the cost and time to be

18  expended for further discovery, pre-trial and trial.

19            e.    The relief sought.

20            f.    The parties' position on settlement,

21  including present demands and offers and a history of past

22  settlement discussions, offers and demands.

23  XV.  Request For Bifurcation, Appointment Of Special Master,

24  Or Other Techniques To Shorten Trial.

25       1.    On the issue of punitive damages, if any, the amount

26  shall be tried in a second phase in a continuous trial before the

27  same jury.

28  ///

1 | **XVI.  Related Matters Pending.**

2 |       1.    There are no related matters.

3 | **XVII.    Compliance With Federal Procedure.**

4 |       1.    The Court requires compliance with the Federal

5 | Rules of Civil Procedure and the Local Rules of Practice for the

6 | Eastern District of California.  To aid the court in the

7 | efficient administration of this case, all counsel are directed

8 | to familiarize themselves with the Federal Rules of Civil

9 | Procedure and the Local Rules of Practice of the Eastern District

10 | of California, and keep abreast of any amendments thereto.

11 | **XVIII.    Effect Of This Order.**

12 |       1.    The foregoing order represents the best

13 | estimate of the court and counsel as to the agenda most suitable

14 | to bring this case to resolution.  The trial date reserved is

15 | specifically reserved for this case.  If the parties determine at

16 | any time that the schedule outlined in this order cannot be met,

17 | counsel are ordered to notify the court immediately of that fact

18 | so that adjustments may be made, either by stipulation or by

19 | subsequent scheduling conference.

20 |       2.    Stipulations extending the deadlines contained

21 | herein will not be considered unless they are accompanied by

22 | affidavits or declarations, and where appropriate attached

23 | exhibits, which establish good cause for granting the relief

24 | requested.

25 | *///*

26 | *///*

27 | *///*

28 | *///*

1    3.    Failure to comply with this order may result in

2  the imposition of sanctions.

3

4  IT IS SO ORDERED.

5  **Dated:    October 21, 2010**                    **/s/ Oliver W. Wanger**
                                        UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28