STACY A. CAMPOS, SBN 154658
PACIFIC GAS AND ELECTRIC COMPANY
LAW DEPARTMENT
P.O. Box 7442
San Francisco, CA 94120

KATE DYER, SBN 171891
NICOLE HOWELL NEUBERT, SBN 246078
CLARENCE & DYER LLP
899 Ellis Street
San Francisco, CA 94109
Telephone:  (415) 749-1800
Facsimile:  (415) 749-1694
Email:  kdyer@clarencedyer.com
         nhneubert@clarencedyer.com
Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY HENLEY,<br>　　　　　Plaintiff,<br>v.<br>PACIFIC GAS AND ELECTRIC COMPANY, LOCAL UNION NUMBER 1245 OF INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, and DOES 1-50, inclusive,<br>　　　　　Defendants. | Case No. 1:10-CV-01119-OWW-GSA<br><br>**STIPULATION AND  PROTECTIVE ORDER**<br><br>**Trial Date: January 18, 2012**<br>**Time: 9:00 a.m.**<br>**Courtroom: 3, 7th Floor**<br>**Honorable Oliver W. Wanger** |

WHEREAS the discovery and pre-trial phase of the above captioned action, Case No. 31:10-CV-01119-OWW-GSA ("Action") may involve disclosure of confidential and proprietary business, technical, financial and personal information, IT IS HEREBY ORDERED as follows:

1. DEFINITIONS

   (a) **Party**: Any named plaintiff and any defendant in this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

   (b) **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

   (c) **"Confidential" Information or Items**: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection.

   (d) **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

   (e) **Producing Party**: a Party or non-party that produces Disclosure or Discovery Material in this action.

   (f) **Designating Party**: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

   (g) **Protected Material**: any Disclosure or Discovery Material that is designated as "Confidential"

2. This Protective Order shall govern any document which is designated "Confidential" and shall be used only by the persons specified in Paragraph 4. Any designation shall be made in good faith.

PDF created with pdfFactory trial version www.pdffactory.com

3. Absent a specific order by the Court, any document marked "Confidential" and the contents thereof, which are produced or testified to in this Action shall be used by the parties solely in connection with this Action and shall not be disclosed to anyone except as provided in this Protective Order.

4. All documents marked or designated "Confidential" and the contents thereof disclosed pursuant to discovery in this Action shall not be disclosed to anyone other than:

   (a) The Parties' attorneys and the attorneys' legal assistant(s) or clerical staff;

   (b) A party to this Action, including any present partner, employee, officer or director of a party who is actively assisting counsel in the conduct of this Action;

   (c) The Court, if lodged pursuant to Paragraph 10 below;

   (d) An expert or consultant retained by counsel of record for a party for assistance in this Action who signs this protective order, a copy of which is acknowledged by the expert or consultant;

   (e) Any mediator selected by the parties for the purpose of and during the course of any mediation pursuant to Paragraph 5 below.

5. Any mediator selected by the parties shall be provided with a copy of this Protective Order and any party submitting "Confidential" documentation to the mediator shall inform him/her that the documentation is so designated. Any "Confidential" material submitted to the mediator will be submitted either in a sealed envelope clearly marked "Confidential," or if "Confidential" documentation is merely shown to the mediator during the mediation, the party sharing the information will expressly inform the mediator that the material is "Confidential." The mediator shall be instructed by the submitting/sharing party to return to submitting/sharing party all materials used during the course of the mediation that were designated as "Confidential."

6. Each individual, other than those described in paragraphs 4 (a) – (e) of this Protective Order, who may be given access to any "Confidential" document prior to the time he or she receives

PDF created with pdfFactory trial version www.pdffactory.com

access to such document, shall be provided by counsel of record furnishing the document a copy of this Order and shall certify in writing by signing the signature page at the end of this document that he or she has carefully read the Order and agrees to be bound by its terms. Counsel shall then follow the procedure in Section 6 below.  Counsel of record seeking to make a disclosure to any person described above shall retain the original executed copy of said Confidentiality Agreement until final termination of this Action.

7. If the parties or their attorneys shall hereafter pursuant to Paragraph 6 desire to give, show, make available or communicate documents or information derived from documents designated as "Confidential" to any person other than those referred to in Paragraph 4 above, the attorneys shall identify to the producing party such document and the person(s) with whom they wish to communicate.  If the attorneys are subsequently unable to agree on the terms and conditions of disclosure to such additional persons, disclosure may be made only on such terms as the Court may order.  All documents bearing the word "Confidential" shall be treated as designated by the producing party as "Confidential" under the terms of this Order and Protective Order until the matter is resolved by the Court.

8. This Order is entered into without prejudice to the right of any party to move the Court for relief from this Order and Protective Order at any time. If the parties are unable to agree that a document is "Confidential," then the party asserting that the document is "Confidential" may notice a motion seeking an order from the Court to have the document designated "Confidential."

9. Information disclosed at a deposition may be designated "Confidential" by indicating on the record at the deposition that the testimony is "Confidential" and subject to the provisions of this Order and Protective Order.  The portion of the deposition transcript designated as "Confidential" shall be contained in a transcript separate from the transcript containing non-confidential testimony as well as any confidential material.  A party may also designate information disclosed at such a deposition transcript the specific pages and lines of the transcript or the specific exhibits that the party wished to designate as "Confidential".  Each party shall

PDF created with pdfFactory trial version www.pdffactory.com

attach a copy of such written statement to the face of the transcript and each copy thereof in his/her/its possession, custody or control.

10. Nothing contained in this Order shall be construed to be a waiver by the Parties of their right to refuse to disclose any document on evidentiary grounds, including without limitation, that it does not contain information reasonably calculated to lead to the discovery of admissible evidence or is protected by the work product doctrine, attorney/client or any other privilege against disclosure, such as privacy.

   (a) Any time Confidential Information is submitted to the Court, all documents containing material designated "Confidential" or information derived from such document, shall be lodged (not filed) with the Court in sealed enveloped or other appropriate sealed containers on which shall be endorsed the title of the Action to which pertains, and indication of the nature of the contents of the sealed envelope or other container, the word "Confidential" and a statement substantially in the following form:

**CONFIDENTIAL**

"This envelope/sealed container contains documents that are subject to an Order governing discovery and the use of confidential discovery material. Pursuant to such Order, this envelope/sealed container shall not be opened and the contents thereof shall not be displayed or revealed except pursuant to the terms of the Order. Violation of such Order may be regarded as contempt of court.

Any document(s) so lodged shall indicate clearly which portions are designated to be "Confidential". Materials lodged shall be returned by the Court to the submitting party immediately after the hearing or as nearly as is otherwise practicable. Any and all such materials shall be kept by the submitting party.

   (b) Any court hearing or other hearing which refers to or describes documents that contain material designated "Confidential' shall, in the Court's best discretion, be held in camera, if the Court so agrees.

**Stipulation and Protective Order**
Case No. 1:10-cv-01119-OWW-GSA

5

PDF created with pdfFactory trial version www.pdffactory.com

11. Documents designated, or held by the Court are to be "Confidential" pursuant to this Order and Protective Order shall be offered into evidence only under seal or under appropriate order of the Court unless confidentiality of such document has been removed by agreement of counsel or by further order of this Court.

12. The terms of this Order shall apply with equal force and effect to all manner and means of discovery, even though not specifically designated herein.  Counsel for all Parties shall cooperate reasonably in order to carry out the purposes and intent of this Order and Protective Order. Such cooperation shall include providing any and all cooperation necessary to seek to protect the confidentially of "Confidential" documents on any appeal of this Action.

13. At the final conclusion of this Action, after all appeals have been finally resolved, "Confidential" documents produced under this Order shall continue to be maintained in the same manner as set forth in this Order for not less than three (3) months.  Following the expiration of the three-month period from the termination of the Action, the party maintaining the documents shall, at the option of the producing counsel, return or destroy the materials, including but not limited to copies, notes, taped, other papers and any other medium containing, summarizing, excerpting or otherwise embodying any "Confidential" discovery material.

//
//
//
//
//
//
//
//
//
//
//

PDF created with pdfFactory trial version www.pdffactory.com

14. The terms of this Order shall survive and remain in full force and effect after the termination of this Action. The Court shall retain jurisdiction to determine any issues arising from the terms of this Order.

**So Stipulated:**

Dated: 5/10/2011


___/s/:  Tod B. Barsotti_____
BARSOTTI & BAKER LLP
Attorneys for Plaintiffs


Dated: 5/18/11


_/s/: Nicole Howell Neubert_____
CLARENCE DYER & COHEN LLP
Attorneys for Defendant PG&E


Dated: 5/17/11


__/s/:  Lindsay Nicholas_____
LEONARD CARDER, LLP
Attorneys for Defendant IBEW Local 1245


GOOD CAUSE APPEARING, IT IS SO ORDERED

Dated: May 19, 2011




                                        By:  /s/ OLIVER W. WANGER
                                        UNITED STATES DISTRICT COURT

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California _____ [date] in the case of Henley v. PG&E et al., Case No. 1:10-CV-01119-OWW-GSA.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____